UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>HITHAM ABUHOURAN | CRIMINAL ACTION<br><br>No. 2:95-cr-00560-LP-1 |

**MEMORANDUM/ORDER**

December 17, 2007

    In 1996, defendant Hitham Abuhouran pled guilty in this court to a multi-count indictment alleging money laundering and other, related crimes. In the intervening years, Mr. Abuhouran has filed a series of post-conviction motions in this court challenging various aspects of his conviction, sentencing, and ongoing custody.[1] Currently pending before the court are the following *pro se* motions: a Motion to Correct Judgment Pursuant to [Federal Criminal] Rule 36 (Docket No. 543); a Motion to Dismiss Count 57 of the Indictment (Docket No. 545); a Motion for Termination of the Restitution Order (Docket No. 546); a Motion to Vacate Judgment (Docket No. 547); a Motion for an Additional 30

---

[1] A fuller procedural history of this case is provided in this court's Memorandum and Order of June 26, 2006 (Docket No. 529).

Days to Reply (Docket No. 549); a Motion for Production of the Tape Recording of the Sentencing Hearing of Plaintiff (Docket No. 550); a Motion for Appointment of Counsel (Docket No. 551); a Motion to Preserve the Record of the Tape Recording of Plaintiff's Sentencing Hearing (Docket No. 552); and a Motion to Uphold the Certified Transcripts in Petitioner's Sentencing Hearing As "Prima Facie Correct" (Docket No. 554).  Finally, the court is in receipt of a letter from Mr. Abuhouran requesting that this court "recom[mend] my case to the Third Circuit so the mandate be recalled" (Docket No. 555).

Also before the court is the government's Motion to Apply Forfeiture Proceeds to Restitution (Docket No. 564), which Mr. Abuhouran has opposed (Docket Nos. 565, 567).

**Motions Relating to the Sentencing Transcript (Docket Nos. 543, 550, 552, 554)**

When defendant was sentenced in this court on August 19, 1997, his sentence included a term of 188 months in federal prison on the money-laundering convictions. Defendant now raises a seeming discrepancy in the record regarding the specific counts to which that sentence of 188 months was intended to apply.  Defendant is correct in noting that the *transcript* of his August 19, 1997 sentencing hearing recites that "188 months of incarceration . . . is the sentence . . . imposed on the money laundering offenses, *Counts 18, 27 and 31*," Tr. of Sentencing Hr'g 115:15–18 (Docket No. 350) (emphasis added), while the *judgment* entered on September 3, 1997, recites that "the defendant is sentenced to 188 months" on "*Counts 8, 18, 27 and 31*."  J. in Crim. Case 2:95CR00560-001 at 4, (Docket No. 347) (emphasis added).  Furthermore, defendant correctly states the firmly

established legal principle that "[w]here conflict exist[s] between oral pronouncement of sentence and judgment, oral pronouncement control[s]." Def.'s Mot. to Correct J. 4; *see, e.g., United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991).

However, upon review of the audio recording of the sentencing hearing, the court finds that its oral pronouncement did not, in fact, omit reference to Count 8 of the indictment, as reflected in the transcript, but, in fact, clearly referred to "the money laundering offenses, Counts 8, 18, 27 and 31." Therefore, the recital in the judgment is not in conflict with the recital in the court's oral pronouncement, and Mr. Abuhouran's motions to correct the judgment (Docket No. 543) and to uphold the certified transcripts as "prima facie" correct (Docket No. 554) will be denied. The sentencing hearing transcript, however, is in error and will be amended to accurately reflect the court's oral pronouncement of sentence. *See* Fed. R. Crim. P. 36 ("[T]he court may at any time . . . correct an error in the record arising from oversight or omission."). So that Mr. Abuhouran will himself have the opportunity to listen to the audio recording of the sentencing hearing, Mr. Abuhouran's Motion for Production of the Tape Recording of the Sentencing Hearing (Docket No. 550) will be granted, and the Clerk of Court will send a tape recording of the hearing to Mr. Abuhouran. Because the recordings are preserved by the court as a matter of course, Mr. Abuhouran's Motion to Preserve the Record of the Tape Recording (Docket No. 552) will be dismissed as moot.

**Motion to Dismiss Count 57 of the Indictment (Docket No. 545)**

Defendant's Motion to Dismiss Count 57 of the Indictment Based on It's [sic]

Defects and It's [sic] Failure to State an Essential Element of the Crime Charged, and Pursuant to Rule 60(b)(4) of the Federal Rules Civil Procedure (Docket No. 545) does not merit relief. First, it is not clear that Rule 60(b)(4) is applicable in a criminal case. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure . . . in all suits of a civil nature."). Second, even if a Rule 60(b) motion may be considered in a criminal case,[2] Mr. Abuhouran's motion is denied for failure to bring it "within a reasonable time." Fed. R. Civ. P. 60(b). Third, even if the court construes this *pro se* motion "pursuant to Rule 60(b)(4)" as an attempt to petition for relief under 28 U.S.C. § 2255 based on the alleged constitutional error, such a petition would still be both plainly nonmeritorious and barred as a second or successive petition filed without certification from the Court of Appeals.[3]

**Motion for Termination of Restitution (Docket No. 546)**

Mr. Abuhouran moves to terminate his restitution pursuant to "the former [18 U.S.C.] § 3579(f)[(2)], and the later [18 U.S.C.] § 3663(f)(2)."[4] However, sub-section (f)

---

[2] *Cf. United States v. Bohn*, Crim. No. 92-61-02, 1999 WL 1067866, at *9–10 (E.D. Pa. Nov. 9, 1999) (Mem. Order) (Van Antwerpen, J.) (acknowledging possibility that Rule 60 motion could be considered in criminal case and citing cases).

[3] *See* 28 U.S.C. § 2244(b)(3)(A) (providing that before a second or successive habeas petition is filed in district court, the petitioner must apply to the court of appeals for an order authorizing the district court to consider the petition); *id.* § 2255(4) (adopting the requirements in § 2244 for second or successive § 2255 petitions).

[4] Title 18, Section 3579 of the United States Code was recodified at 18 U.S.C. § 3663 as of November 1, 1987. *See United States v. Woods*, 986 F.2d 669, 670–71 (3d Cir. 1993). Section 3663(f) formerly provided that, in requiring a defendant to pay restitution "within a specified period or in specified installments," "[t]he end of such period or the last such installment shall not be later than— (A) the end of the period of

of 18 U.S.C. § 3663 was removed by the Mandatory Victims Restitution Act of 1996, enacted as Tit. II, Subtitle A, of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132 , Apr. 24, 1996, 110 Stat. 1227. *See United States v. Cottman*, 142 F.3d 160, 168 n.10 (3d Cir. 1998); *see also United States v. Rostoff*, 164 F.3d 63, 66 n.3 (1st Cir. 1999) (citing AEDPA, Pub. L. No. 104-132, § 205(a)(2)). Because Mr. Abuhouran pled guilty on September 10, 1996—after AEDPA's effective date of April 24, 1996—the former provisions of 18 U.S.C. § 3663(f) are not applicable to his case. *See Cottman*, 142 F.3d at 168 n.10.

**Motion to Vacate Judgment (Docket No. 547)**

Mr. Abuhouran moves to vacate this court's forfeiture order of January 11, 2005, for lack of notice and exceeding the statute of limitations. *See* Docket No. 503 ("order[ing], adjudg[ing] and decree[ing] [that] . . . [a]ll right, title, and interest of all persons, their heirs and assigns in [property previously forfeited by Mr. Abuhouran] is hereby fully and finally forfeited to the United States"). In claiming that he was owed prior notice of this forfeiture, Mr. Abuhouran misapprehends the nature of the proceeding. Any interest Mr. Abuhouran had in the forfeited property was extinguished by this court's August 19, 1997 Judgment and Preliminary Order of Forfeiture. *See United States v. Pelullo*, 178 F.3d 196, 202–203 (3d Cir. 1999) ("[T]he defendant

---

probation, if probation is ordered; (B) five years after the end of the term if imprisonment imposed, if the court does not order probation; and (C) five years after the date of sentencing in any other case." 18 U.S.C. § 3663 (1995).

generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing..").  The Order of January 11, 2005 followed the provision of notice and an opportunity to be heard to third parties — *i.e.*, parties other than the defendant — who might have asserted an interest in the property subject to forfeiture.  Mr. Abuhouran's motion therefore lacks merit and will be denied.

**Recommendation that the Court of Appeals Recall Its Mandate (Docket No. 555)**

In a letter dated February 21, 2007, Mr. Abuhouran asks this court to recommend to the Court of Appeals for the Third Circuit that the mandate in his case be recalled so that he can be resentenced under *United States v. Booker*, 543 U.S. 220 (2005).  *Cf. Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005) (holding that *Booker* does not apply retroactively to cases where judgment of conviction became final before *Booker* was decided).  In support of his request (which the court construes as a motion for relief), Mr. Abuhouran cites *Carrington v. United States*, 470 F.3d 920, 921 (9th Cir. 2006), *withdrawn*, 503 F.3d 888 (9th Cir. 2007), a case in which the district court denied defendants relief under *Booker* but *sua sponte* requested that the mandate be recalled so that the court could resentence the defendants.  *See id*. at 922-23.  The Court of Appeals for the Ninth Circuit, citing "extraordinary circumstances," recalled the mandate.  *See id*. at 921, 923–25.  That opinion has since been withdrawn, however, and the panel issued a new opinion affirming the district court's denial of relief and declining to recall the mandate.  Regardless, after reviewing the record of Mr. Abuhouran's sentencing, this court, unlike the district court in *Carrington*, cannot conclude that Mr. Abuhouran's 188-

month sentence constitutes an injustice or that the circumstances of his sentencing call for the extraordinary relief he requests — namely, that this court ask the Court of Appeals to recall its mandate.  Accordingly, the motion will be denied.

**Motion for Appointment of Counsel (Docket No. 551)**

Mr. Abuhouran's constitutional right to appointed counsel expired long ago.  *See Coleman v. Thompson*, 501 U.S. 722, 755–56 (1991) (constitutional right to counsel does not extend "beyond the first appeal of a criminal conviction").  Moreover, given the court's finding that none of the motions addressed above has merit, the court will not exercise its discretion to appoint counsel to represent Mr. Abuhouran with regard to these matters.  *Cf. United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995) ("The provision of counsel for such [post-appeal] motions should rest in the discretion of the district court."); *id.* at 465 n.2 ("The apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion.").

**Motion to Apply Forfeiture Proceeds to Restitution (Docket No. 564)**

The government has moved to apply to the restitution owed by Mr. Abuhouran a sum of $1000 held by an attorney in a client trust account for Mr. Abuhouran.  The government represents that the funds were intended for use by the attorney, the late James Lepis, in connection with the transfer of the property at 1014 Anderson Avenue, a property that was later forfeited to the government.[5]  The government requests that this

---

[5] The government represents that Mr. Lepis was apparently unaware of the fraudulent nature of the transaction and has never been accused of wrongdoing in

court enter an order pursuant to its authority under 28 U.S.C. § 3013 directing that the Clerk of Court accept a payment of $1000 as restitution, without the court's issuing a formal writ of garnishment.  *See* 28 U.S.C. § 3013 ("The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."); *id*. § 3205 (prescribing procedures for debt collection by writ of garnishment).  The government represents that a formal writ of garnishment — which, *inter alia*, requires a garnishee to give a written answer within 10 days, *see id*. § 3205(c), and provides that, within 20 days, the judgment debtor or garnishee may request a hearing on objections to the garnishment — is unnecessary, given that the person in possession of the funds, Mr. Lepis's daughter Anne Lepis, an attorney herself, has agreed to cooperate by remitting the funds.  The government contends that issuing an order pursuant to § 3013 will be less time-consuming than following the formal garnishment procedures prescribed in § 3205.

      Mr. Abuhouran opposes the government's motion.  In large part his response reiterates the arguments that have been discussed and rejected above regarding whether he owes any restitution whatsoever.  In addition, however, he briefly objects that "[t]he government has not provided docum[e]ntation as to the ownership of that money nor any proof that the amount of $1000 . . . is subject to [the] forfeiture order."  The government,

---

connection with this matter.

in response, notes that Mr. Abuhouran "does not dispute that the restitution balance remains unpaid, nor that the funds under the control of Ms. Lepis are related to the property which [Mr. Abuhouran] previously owned."

Pursuant to the court's authority under 28 U.S.C. § 3013, the court will order the government, within fourteen days, to file in this court, with copy to Mr. Abuhouran, a proffer of its evidence of the amount and provenance of the funds. Unless Mr. Abuhouran, within thirty days of the government's filing, files a substantial objection establishing that there is a genuine issue regarding whether the funds are subject to forfeiture, it may be anticipated that the court will grant the government's motion.

### ORDER

**AND NOW**, this 17th day of December, 2007, for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. Defendant's motions at Docket Nos. 543, 545, 546, 547, 551, 554, and 555 are **DENIED**;

2. Defendant's motion at Docket No. 552, requesting preservation of the tape recording of his sentencing, is **DISMISSED** as **MOOT**;

3. Defendant's motion at Docket No. 550, requesting a copy of the recording of his sentencing, is **GRANTED**, and the Clerk of Court shall produce a copy of the recording of the sentencing held before this court on August 19, 1997, at no cost to the defendant;

4.  Defendant's motion at Docket No. 549, requesting an additional 30 days to reply to the government's response to his motions, is **DISMISSED** as **MOOT**;

5.  Pursuant to Federal Rule of Criminal Procedure 36, the transcript of defendant's August 19, 1997, sentencing hearing (Docket No. 350), shall be **CORRECTED** as follows—page 115, line 18 of the transcript, which previously read:

    "on the money laundering offenses, Counts 18, 27, and 31."

    shall be amended to read:

    "on the money laundering offenses, Counts 8, 18, 27, and 31."

6.  The government shall file, within fourteen days of the date of this order, a proffer of the evidence showing the amount and provenance of the funds that are the subject of the government's motion to apply forfeiture proceeds to restitution. *See* Docket No. 564. Any objection by Mr. Abuhouran must be filed within thirty days of the date of the filing of the government's proffer.

/s/ Louis H. Pollak
_____
Pollak, J.