## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

vs.

HITHAM ABUHOURAN

CRIMINAL ACTION

No. 2:95-cr-00560-LP-1

### MEMORANDUM & ORDER

Before the court is the government's motion to apply forfeiture proceeds to

restitution, defendant's opposition thereto, and the government's reply, *see* Docket Nos.

564-66. In its order of December 18, 2007, *see* Docket No. 568 (which has since been

affirmed by the Third Circuit, *see* Docket No. 585), the court ordered the government to

proffer evidence of the amount and provenance of the proceeds to be applied to

restitution. The court's order provided that the government's motion to apply the

forfeiture proceeds to restitution would be granted unless defendant filed, within thirty

days of the government's proffer, a substantial objection establishing a genuine issue

whether the funds were subject to forfeiture. *See* Docket No. 568. The government filed

its proffer, *see* Docket No. 569, and defendant timely responded, *see* Docket No. 573.

The government seeks to apply to defendant's restitution obligation a sum of

$1000 that was held in an attorney trust account in connection with the sale of property located at 1014 Anderson Avenue, Fort Lee, New Jersey. That property has already been forfeited in this case. Defendant owned this property; engaged in fraudulent attempts to develop the property; and fraudulently obtained a release of the property's mortgage from the FDIC (the FDIC owned the mortgage as receiver of the assets of the Bank of Brandywine Valley after defendant's fraudulent conduct resulted in the closing of that bank). Attorney James G. Lepis, Esq. performed the legal work for defendant to arrange the transaction with the FDIC.[1] In connection with that work, defendant wrote Lepis a check for $68,000, which was deposited in Lepis's attorney trust account. Lepis wrote a check for $67,000 to the FDIC to release the mortgage, leaving $1000 in the account. The government has proffered evidence tracing the movement of the funds, including, *inter alia*, a bank document showing that defendant opened the account (in the name of "Construction Express Corp.") from which the $68,000 originated; copies of the actual checks from defendant to Lepis and from Lepis to the FDIC; and a letter from Lepis to the FDIC describing the movement of the funds. Lepis is now deceased, and his daughter and representative, attorney Anne Lepis, has agreed to remit the remaining $1000.

In response to the government's proffer, defendant asserts that the government's evidence is insufficient. In particular, he contends that the government has not proven

---

[1] The government represents that Mr. Lepis was apparently unaware of the fraudulent nature of the transaction, and he has never been accused of wrongdoing in connection with this matter.

that "Construction Express Corp." — the named account holder — was involved in any

fraud. However, defendant does not deny the government's representations that it is

defendant's signature on the bank form establishing the bank account in the name of

"Construction Express Corp.," that defendant controlled that entity, and that defendant

used the entity to carry out various fraudulent transactions. Nor does defendant

contradict any other piece of the government's substantial proffer of evidence.

Defendants' other arguments — that the indictment was insufficient and that this court

therefore lacks subject matter jurisdiction over this case — are plainly irrelevant.

Defendant having failed to raise any substantial objection to the government's

proffer, the court will grant the government's motion.

**AND NOW**, this 2 9 day of May, 2008, **IT IS ORDERED**:

1. The government's motion to apply forfeiture proceeds to restitution, *see* Docket No. 564, is **GRANTED**; and

2. The representative of James G. Lepis, Esq. shall remit $1000 held in the attorney trust account related to the disposition of 1014 Anderson Avenue, Fort Lee, New Jersey, to the Clerk of this Court, and the Clerk of Court shall accept the sum of $1000 and apply the funds toward the restitution imposed in this case.

Pollak, J.