# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | No. 95-560-01 |
| HITHAM ABUHOURAN | |

**MEMORANDUM**

On February 10, 2000, defendant Hitham Abuhouran filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. This court denied that motion on November 26, 2002. Defendant filed a second motion under § 2255 on January 3, 2006, which this court denied as a second or successive petition on June 28, 2006. Defendant has now filed a third § 2255 petition, asserting that the United States Supreme Court's interpretation of 18 U.S.C. § 1956(a)(1) in *United States v. Santos*, 128 S. Ct. 2020 (2008), invalidates his conviction on several counts of money laundering.

Defendant's third petition is a "second or successive petition" within the meaning of 28 U.S.C. § 2244 and therefore cannot be considered by this court without prior authorization of the United States Court of Appeals for the Third Circuit. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)).

Accordingly, defendant's petition will be dismissed.[1]  Further, because defendant does not have a right to appointed counsel to assist him in seeking permission from the Third Circuit, defendant's letter motion for the appointment of counsel will be denied.

An appropriate Order accompanies this Memorandum.

---

[1] This court's only other option is to transfer Abuhouran's petition to the Third Circuit pursuant to 28 U.S.C. § 1631.  *See Robinson*, 313 F.3d at 139.  Section 1631 only authorizes transfer "if it is in the interest of justice," and here, transfer would not be in the interest of justice even assuming that Abuhouran's argument concerning *Santos* has merit.  The Third Circuit may only grant leave to file a second or successive petition on the basis of "newly discovered evidence" or "a new rule of constitutional law," 28 U.S.C. § 2255(h)(1)-(2), and the Third Circuit has already determined that a new interpretation of "a substantive criminal statute" falls into neither of these categories, *In re Dorsainvil*, 119 F.3d 245, 247 (3d Cir. 1997).