IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HITHAM ABUHOURAN | Criminal Action<br><br>No.  95-560-1 |

August 3, 2011

### MEMORANDUM/ORDER

Defendant Hitham Abuhouran has filed a series of letters, motions, and petitions in the past three years, all seeking to vacate his conviction or modify his term of imprisonment, and all based on the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008).[1]  Each time, this court has rejected his request.  (*See* Docket Nos. 595, 599, 604, 613, & 614.)  Defendant also filed a petition pursuant to 28 U.S.C. § 2241 in the District of New Jersey, again raising a claim based on *Santos*, which was denied on the merits.  *See Abuhouran v. Grondolsky*, 643 F. Supp. 2d 654 (D.N.J. 2009), *aff'd*, 392 F. App'x 78 (3d Cir. Aug. 25, 2010), *cert. denied* 131 S. Ct. 1532 (Feb. 22, 2011), *cert. denied* 131 S. Ct. 1624 (March 7, 2011).  In short, each court to pass on defendant's

---

[1] In *Santos*, the Supreme Court held that the term "proceeds" in the money laundering statute, 18 U.S.C. § 1956, as applied to the proceeds of an illegal gambling operation in violation of 18 U.S.C. § 1955, refers to "profits" of the offense and not simply "receipts."  553 U.S. at 513.

*Santos*-based claims has rejected his arguments.

Defendant filed another letter with this court on November 17, 2010, asserting once again that *Santos* requires that this court grant him relief, this time in the form of a one-level reduction in his pre-*Booker* guideline sentence, or in the alternative, appointment of appellate counsel.  (Docket No. 627.)  This was followed by a brief on December 9, 2010, and another letter on March 20, 2011.  (Docket Nos. 630, 638.)  On July 27, 2011, he filed another brief in support of his claims, and he also requested a bail hearing.  (Docket No. 639.)  For the reasons that follow, his requests will be denied.

### I.

The newest incarnation of defendant's theory of relief in his series of letters is an assertion that the government "does not dispute" that, in light of *Santos*, defendant is entitled to a one-level sentence reduction.  Defendant is mistaken.

The statement to which defendant refers was in the government's response to defendant's prior attempt to invoke the *Santos* decision in the § 2241 proceedings in the District of New Jersey.[2]  (*See* D.N.J. Civil No. 08-4379, Docket No. 6 at 16 n.7 ("[A]t most, [defendant] seeks a 1-level reduction in the guideline calculation.").)  As the government rightly points out, the reference to a one-level reduction was nothing more than a rebuttal to defendant's argument that he was entitled to immediate release from his

---

[2] Although defendant's letter refers to this statement having been made in this court's proceedings, it was part of the proceedings before Judge Debevoise in the District of New Jersey.

entire sentence—it was not a concession that defendant was actually entitled to a reduction in the guideline sentence. Indeed, the balance of the government's filing explained why the government did not believe that defendant was entitled to any relief. Thus, to the extent that defendant attempts to invoke some form of estoppel against the government, his argument is frivolous.

## II.

More importantly, regardless of what the government may or may not have said in the New Jersey proceedings, defendant's letters dating from November 17, 2010, make out a challenge to the sentence itself, and hence are most properly considered as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255(a). In both his reply to the government's letter in opposition and his request for a bail hearing, defendant engages in a lengthy discussion as to why his sentence is in violation of *Santos*. (*See* Docket Nos. 630, 639.) However, because defendant has already filed numerous § 2255 petitions, this request is a second or successive petition. *See* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244). Defendant must first receive permission from the Court of Appeals for the Third Circuit before this court may consider the merits of the petition.

Moreover, defendant is well aware of the requirement for permission from the Third Circuit, having been through this process numerous times in recent years. (*See* Docket Nos. 604, 613, & 614.) Thus, this court will construe his November 17, 2010, letter as a second or successive § 2255 petition not authorized by the Court of Appeals

and dismiss it.³ Because he is not entitled to the assistance of appointed counsel in seeking permission from the Third Circuit, his alternative request for counsel will be denied. Finally, because his request cannot be entertained by the court, his request for a bail hearing is also denied.

\* \* \* \* \*

**AND NOW**, this 3rd day of August, 2011, upon consideration of Hitham Abuhouran's *pro se* letter of November 17, 2010 (Docket No. 627), and all responses thereto (Docket Nos. 628, 630, 638 & 639), it is hereby **ORDERED** that:

(1) defendant's request for resentencing is **DISMISSED**;

(2) defendant's alternative request for appointment of appellate counsel is **DENIED**;

(3) defendant's request for a bail hearing is **DENIED**.

/s/ Louis H. Pollak
Pollak, J.

---

³ The only other option is to transfer the petition to the Third Circuit pursuant to 28 U.S.C. § 1631 "if it is in the interest of justice." For the same reasons this court previously expressed in its memorandum of March 4, 2010, a transfer here would not be in the interest of justice. (*See* Docket No. 613 at 2 n.1.)